UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JAY IRWIN GUBER,                )
                                )
        Plaintiff                )
                                )
v.                              )        No. 1:10-cv-172-JAW
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security, )
                                )
        Defendant               )

# REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the questions of whether the administrative law judge should have found the plaintiff to be suffering from a severe impairment, depression, and should have included in the residual functional capacity ("RFC") he assigned to the plaintiff any effect of a moderate limitation in concentration, persistence, or pace that arose from the plaintiff's mental impairment. I recommend that the court vacate the decision and remand for further proceedings consistent with this opinion.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.,* 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease of the lumbar spine, an impairment that was severe but which did not meet or equal

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.2(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 18, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 15-16; that he retained the RFC to perform light work, to sit, stand, or walk for at least six hours each in an eight-hour workday, to balance, stoop, kneel, crouch, crawl, and climb occasionally, but not to climb ladders, ropes, or scaffolds, to perform complex tasks, but to avoid concentrated exposure to unprotected heights and irregular/sloping surfaces, Finding 5, *id*. at 16; that he was able to perform his past relevant work as a retail store manager, Finding 6, *id*. at 19; that, alternatively, given his age (54 at the date of alleged onset), high school education and two years of college, transferable skills, and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*.; and that, therefore, he had not been under a disability as that term is defined in the Social Security Act at any time form the alleged date of onset, January 28, 2006, through the date of the decision, July 7, 2008, Finding 11, *id*. at 20-21. The Appeals Council denied the plaintiff's request for review of the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 404.981, *Dupuis v. Secretary of Health & Human Servs.,* 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proof of inability to return to past relevant work.

20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

Alternatively, the administrative law judge also reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. at 146 n.5; *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## Discussion

### A. Step 4 Issue: Ability to Maintain Concentration, Persistence, and Pace

For purposes of his Step 2 analysis, the administrative law judge found that the plaintiff had moderate limitations in maintaining concentration, persistence, or pace. Record at 15. The plaintiff maintains that the administrative law judge was required to include this limitation in the RFC that he assigned to the plaintiff at Step 4, even though he found that the plaintiff was not suffering from a severe mental impairment. Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (Docket No. 7) at 2-5.

The statement in the RFC that the plaintiff "is able to perform complex tasks," Record at 16, is unaddressed in the body of the opinion and cannot reasonably be interpreted to address this limitation; if anything, it suggests a rejection of the limitation. This is not a case in which the administrative law appears to have attempted to include the limitation in the RFC by limiting the claimant to unskilled work. Rather, the administrative law judge found such a limitation to exist and then ignored it while fashioning an RFC. This he may not do.

The administrative law judge must factor into his or her RFC the effects, if any, even of non-severe impairments. 20 C.F.R. § 404.1545(e). It is possible that the administrative law judge concluded that a moderate limitation in concentration, persistence, and pace would not affect the plaintiff's ability to perform his past relevant work at Step 4, but, if so, he must say so in his opinion, and explain how he reached that conclusion.

At oral argument, counsel for the commissioner contended that the reference to a moderate limitation on concentration, persistence, or pace in the administrative law judge's opinion was "clearly" a scrivener's error, suggesting that the administrative law judge must have meant "mild" instead of using the word "moderate." There is evidence in the record that is

4

consistent with a mild limitation in concentration, persistence, or pace, but that fact alone does not allow the commissioner the indulgence of a presumed scrivener's error. Counsel cited this court's decision in *Meacham v. Astrue*, Civil No. 09-590-P-S, 2010 WL 4412113 (D. Me. Oct. 31, 2010), in support of this argument.

In that case, a scrivener's error was apparent, because the administrative law judge's opinion said the opposite of what he obviously meant, because, as written, the opinion was inherently contradictory. *Id*. at *6. Here, it is not at all obvious that the administrative law judge "meant" to make a finding that *might* be more harmonious with his ultimate decision; indeed, even a "mild" limitation should be mentioned in the discussion of a claimant's mental RFC. In addition, there is nothing contradictory about the use of "moderate" rather than the use of "mild" as a descriptor. The commissioner's interpretation of *Meacham* would open a very wide door to routine affirmance of his decisions based on nothing more than conjecture.

**B. Step 5 Issue**

Because the administrative law judge committed reversible error at Step 4 of the sequential evaluation process, it is necessary to reach his alternative Step 5 finding. It is not clear whether the plaintiff intends his argument about the limitations on concentration, persistence, or pace found to exist by the administrative law judge to apply to this step of the process as well, but it is reasonable to interpret his itemized statement in this manner, particularly because the error affects this step in the same manner as it does Step 4.

The administrative law judge relied on the testimony of the vocational expert in reaching his conclusion at Step 5. Record at 20. But, the hypothetical question that he posed to the vocational expert, which elicited the testimony upon which the administrative law judge relied, does not include any mention of the moderate limitation on concentration, persistence, or pace

5

that the administrative law judge found to exist. *Id*. at 64. Accordingly, the decision suffers from the same reversible error as did its Step 4 conclusion.

### C. Step 2 Issue

Finally, the plaintiff contends that the administrative law judge should have found his depression to be a severe impairment solely because he found him to suffer from a moderate limitation on concentration, persistence, and pace. Itemized Statement at 5-6. It does not follow from the existence of one of the many limitations that Social Security law considers as indicators of mental impairment, at any particular level of intensity, that a severe impairment is thereby established. As I noted above, it is entirely possible that an administrative law judge could conclude, as this one did, that the one limitation found to exist did not significantly limit the plaintiff's ability to perform basic work activities in general, and the activities of his past relevant work specifically. *See* 20 C.F.R. § 404.1521(a). Indeed, the administrative law judge gave such an explanation in this case, Record at 15, and the two Psychiatric Review Technique Forms filled out by state-agency psychologists who reviewed the plaintiff's records both find that any mental impairment is not severe, *id*. at 308, 369, while finding that the plaintiff suffered from mild difficulties in maintaining concentration, persistence, or pace, *id*. at 318, 379. The administrative law judge was entitled to rely on these expert reports.

In addition, it is not apparent that a finding at Step 2 that the plaintiff's depression was a severe impairment would necessarily make any difference in the outcome of his claim. The plaintiff has proffered no evidence that could reasonably be construed to demonstrate the existence of effects beyond those noted by the state-agency psychologists.

The plaintiff takes nothing by this last argument.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent with this opinion.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 30th day of March, 2011.

<u>/s/  John H. Rich III</u>
John H. Rich III
United States Magistrate Judge